# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. BUTLER,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>GOLDSMITH & HULL, APC;<br>HARVEST CREDIT MANAGEMENT<br>VII, LLC,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10-CV-1144-H (NLS)<br><br>**ORDER DENYING MOTION TO DISMISS FOR IMPROPER VENUE** |

On May 27, 2010, Plaintiff Robert A. Butler ("Plaintiff") filed a complaint against Defendants Goldsmith & Hull, APC, and Harvest Credit Management VII, LLC ("Defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Civil Code §§ 1788-1788.33. (Doc. No. 1.) On July 12, 2010, Defendants filed a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. No. 8.) On July 29, 2010, Plaintiff filed a First Amended Complaint. (Doc. No. 9.) On July 30, 2010, Plaintiff filed an opposition to Defendants' motion to dismiss. (Doc. No. 11.) Defendants did not file a reply in support of their motion to dismiss. The Court determines this matter is appropriate for resolution without oral argument and submits the motion on the parties' papers pursuant to Local Rule 7.1(d)(1). For the reasons stated below, the Court DENIES Defendants' motion to dismiss.

# DISCUSSION

Venue in federal question cases is governed by 28 U.S.C. § 1391(b). Section 1391(b) states that venue is proper: (1) in a district where any defendant resides if all defendants reside in the same state; (2) a district where a "substantial part of the events or omissions" on which the claim is based occurred; or (3) if there is no district where the action may otherwise be brought, the district "in which any defendant may be found." Id.

Plaintiff's complaint states that "[v]enue is proper in this District in that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here." (Doc. No. 1. at 2.) Defendants argue that venue in the Southern District of California is improper because the only relation to the Southern District of California is that Plaintiff happens to live in that district. (Doc. No. 8-1 at 5.) Plaintiff argues that venue in the Southern District of California is proper because Defendants directed an offending letter to Plaintiff's home in this district. (Doc. No. 11 at 5.)

In a similar challenge to venue in a case claiming improper debt collection, the Second Circuit held that receipt of a collection notice is a substantial part of the events giving rise to a claim under the FDCPA. See Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2nd Cir.1992). The Court agrees that venue is proper in the Southern District of California.

To the extent that Defendants argue that the Court lacks personal jurisdiction over Defendants, the Court denies Defendants' motion to dismiss on that basis.[1] Plaintiff claims that Defendants obtained a judgment against Plaintiff in San Diego Superior Court entitling Defendants to interest on a debt owed to Harvest Credit Management. (Doc. No. 11 at 4; Doc. No. 11-1 at 2.) Further, Plaintiff's lawsuit arises from a letter regarding this judgment that Defendants sent to Plaintiff's home in San Diego. (Id.) Defendants present no contradictory facts and do not argue that this Court's exercise of personal jurisdiction is unreasonable. The Court concludes that Defendants purposely availed themselves of this forum and that the

---

[1] Defendants mention lack of personal jurisdiction in their notice of motion. (Doc. No. 8 at 2.) However, Defendants do not argue lack of personal jurisdiction anywhere in the memorandum of points and authorities in support of their motion. (Doc. No. 8-1.)

exercise of personal jurisdiction is proper.  See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154-1155 (9th Cir. 2006); Ochoa v. J.B. Martin & Sons Frams, Inc., 287 F.3d 1182, 1188-89 (9th Cir. 2002).

## **CONCLUSION**

For the reasons above, the Court DENIES Defendants' motion to dismiss for improper venue.

**IT IS SO ORDERED**.

DATED: August 11, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record